[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 97-1972

PAMELA PIPER,

Plaintiff, Appellant,

v.

SHIRLEY S. CHATER, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

Defendant, Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Shane Devine, Senior U.S. District Judge] 



Before

Torruella, Chief Judge, 
Selya and Stahl, Circuit Judges. 



Jonathan P. Baird on brief for appellant. 
Paul M. Gagnon, United States Attorney, David L. Broderick, 
Assistant United States Attorney, and Wayne G. Lewis, Assistant 
Regional Counsel, Social Security Administration, on brief for
appellee.



February 10, 1998


Per Curiam. Pamela Piper, who suffers from urinary 

incontinence and other impairments, appeals from the district

court's judgment upholding the denial of her application for

Social Security benefits by the Commissioner of Social

Security. After a careful review of the record, we affirm,

essentially for the reasons given in the district court's

opinion. The following addresses only the most significant

issue raised by appellant. 

Piper objects to the hypothetical posed by the

administrative law judge (ALJ) at her disability hearing.

She contends that the ALJ erred in postulating an individual

who needed to use the bathroom "at will." Although the

vocational expert (VE) originally testified that such an

individual could perform certain sedentary and light jobs,

the VE later clarified that the individual could not do so if

the bathroom trips were "frequent," i.e., took place ten or

more times per eight-hour work day in addition to breaks and

lunch, or more than once per hour in addition to breaks and

lunch. In his opinion, the ALJ used the ambiguous "at will"

language in describing Piper's limitations and did not make

an express finding on the critical question whether Piper's

use of the bathroom was frequent. See Ellison v. Sullivan, 

921 F.2d 816, 822 (8th Cir. 1990) (an ALJ may not ignore a

-2-

"critical assumption" underlying a vocational expert's

testimony).

Like the district court, we conclude that the ALJ

implicitly and supportably determined that Piper did not use

the bathroom so frequently as to preclude employment. Based

on her treatment and employment history, activities and

reported tendency to exaggerate her symptoms, the ALJ was

warranted in concluding that her need for bathroom breaks was

below the more than one time per hour figure which the VE

said would compromise her ability to work. It was the ALJ's

responsibility to determine issues of credibility and to draw

inferences from the record evidence. See Irlanda Ortiz v. 

Secretary of Health & Human Services, 955 F.2d 765, 769 (1st 

Cir. 1991) (given the claimant's treatment history and the

medical evidence, the ALJ did not err in deciding that the

claimant's complaints were not credible "to the extent

alleged"). 

Affirmed. 

-3-